UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RODRIGO HERNANDEZ-SANCHEZ,<br><br>               Petitioner,<br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>               Respondent. | CASE NO. CV19-5105 RJB<br><br>CR17-5384 RJB<br><br>ORDER DENYING MOTION FOR RELIEF UNDER 28 U.S.C. § 2255 |

      This matter comes before the Court on the on Petitioner's Motion under 28 U.S.C. §2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. Dkt. 1. The Court has reviewed the pleadings filed regarding the petition and the remaining file.

      Petitioner seeks 28 U.S.C. §2255 habeas corpus relief from his 84 month sentence imposed after his guilty plea to conspiracy to distribute controlled substances in violation of 21 U.S.C. § 841 (a)(1) and to illegal reentry after deportation in violation of 8 U.S.C. § 853. Dkt. 1. In this petition, he claims that his Sixth Amendment right to effective assistance of counsel (and

as a result his Fourth Amendment right to be free of unreasonable searches and seizures) was violated. Dkt. 1. For the reasons set forth below, the petition should be denied.

## I. BACKGROUND FACTS AND PROCEDURAL HISTORY

The citations in this Background Facts and Procedural History section are to the case management and electronic court filing ("CM/ECF") numbers assigned in the underlying criminal case, *United States v. Hernandez-Sanchez,* Western District of Washington case 17-5384 RJB, unless otherwise noted.

### A. PROCEDURAL HISTORY OF CRIMINAL CASE

On August 31, 2017, the Petitioner was charged with possession of a controlled substance with the intent to distribute and with illegal reentry after deportation. Dkt. 1. A grand jury indicted the Petitioner on the same charges on September 13, 2017. Dkt. 13. Trial was continued several times and the Petitioner sought and was granted an opportunity to substitute counsel. On May 25, 2018, James J. White entered a notice of appearance for the Petitioner. Dkt. 36.

On June 20, 2018, a Superseding Indictment was filed, which charged the Petitioner with conspiracy to distribute controlled substances in violation of 21 U.S.C. § 841 (a)(1), possession of a controlled substance with the intent to distribute contrary to 21 U.S.C. §812, and to illegal reentry after deportation in violation of 8 U.S.C. § 853. Dkt. 39.

On July 5, 2018, the Petitioner, through counsel, filed a motion to suppress, arguing that violations of Fed. R. Cr. P. 41 warrant suppression of the evidence, the search warrant was invalid, and that he was entitled to a hearing pursuant to *Franks v. Delaware,* 438 U.S. 154 (1978). Dkt. 44. At a hearing with an interpreter, the Petitioner's motion was denied. Dkt. 54.

The Petitioner plead guilty to counts one and three of the Superseding Indictment, at a hearing with an interpreter, and the Court accepted the plea on August 20, 2018. Dkts. 59-62 and 64. On August 31, 2018, the Petitioner moved the Court for an order removing Mr. White as his counsel and appointing him new counsel. Dkts. 65-66. That motion was granted at a hearing with an interpreter, and Charles Johnston was appointed to represent the Petitioner. Dkt. 75.

The Petitioner then moved to withdraw his plea of guilty. Dkt. 82. In his motion, he argued that he should be permitted to withdraw his plea because prior counsel, Mr. White, was ineffective in filing to file the appropriate motions regarding the suppression hearing and failing to fully investigate. *Id.* He also maintained that the search warrant was deficient. *Id.* This motion was denied on January 16, 2019, after the Court heard testimony from Mr. White and the Petitioner at a hearing with an interpreter. Dkt. 91. The Petitioner was sentenced on January 25, 2019. Dkt. 94 and 95.

The Petitioner did not file an appeal. On February 7, 2019, he filed the instant Motion under 28 U.S.C. §2255 to Vacate, Set Aside, or Correct Sentence. Dkt. 96; refiled as Dkt. 1 in *Hernandez-Sanchez v. United States*, Western District of Washington case 19-5105 RJB.

**B. PETITION TO VACATE, SET ASIDE OR CORRECT SENTENCE**

The Petitioner asserts one ground for relief: ineffective assistance of counsel. Dkt. 1, *Hernandez-Sanchez v. United States*, Western District of Washington case 19-5105 RJB. He asserts his counsel, Mr. White, was ineffective when he: (1) failed to follow certain strategies and argue several Fourth Amendment violations in the motion to suppress, including: that the warrant did not comply with Rule 41, the warrant was not supported by probable cause, his arrest was improper because the search was not, that the Petitioner suffered a "*Payton* [*v. New York*,

445 U.S. 573 (1980)]" violation, and suffered a *de facto arrest* and (2) failed to communicate with the Petitioner with due diligence, while referencing the "language barrier." *Id.*

In the Response, the government argues that the petition should be denied. Dkt. 4, *Hernandez-Sanchez v. United States*, Western District of Washington case 19-5105 RJB. The government asserts that Mr. White's performance was not deficient and that the Petitioner cannot show prejudice. *Id.*

The Petitioner's reply was due on March 29, 2019. Dkt. 3, *Hernandez-Sanchez v. United States*, Western District of Washington case 19-5105 RJB. As of the date of this order, no reply was filed.

## II. DISCUSSION

### A. STANDARD - 28 U.S.C. § 2255

A prisoner in custody pursuant to a judgment and sentence imposed by the federal court, who claims the right to be released on the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court that imposed the sentence to vacate, set aside or correct the sentence. 28 U.S.C. § 2255.

### B. EVIDENTIARY HEARING

A petitioner is entitled to an evidentiary hearing on the motion to vacate a sentence under 28 U.S.C. § 2255 unless the motions, files, and records of the case conclusively show that the prisoner is entitled to no relief. This inquiry necessitates a twofold analysis: (1) whether the petitioner's allegations specifically delineate the factual basis of the claim, and (2) even where the allegations are specific, whether the records, files, and affidavits are conclusive against the

petitioner.  *United States v. Taylor*, 648 F.2d 565, 573 (9th Cir. 1981).  The petitioner has the burden of establishing the need for an evidentiary hearing.  *Baumann v. United States*, 692 F.2d 565, 571 (9th Cir. 1982).  The threshold test for determining if the petitioner has met this burden is whether the petitioner's allegations, if proved, would establish the right to collateral relief.  *Townsend v. Sain*, 372 U.S. 293, 307 (1963).

The Petitioner has not demonstrated that he is entitled to an evidentiary hearing on this petition.  While his allegations "delineate the factual basis of his claim," the records, files and affidavits in the record are "conclusive against the petitioner."  *Taylor,* at 573.  The allegations, even if proved, would not "establish the right to collateral relief."  *Townsend*, at 307.  In this case, the Petitioner should not be accorded an evidentiary hearing because his claims are meritless as demonstrated by the record before the Court.  *See Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977); *Shah v. United States*, 878 F.2d 1156, 1158 (9th Cir. 1989).  An evidentiary hearing should not be held on this petition.

### C.  INEFFECTIVE ASSISTANCE OF COUNSEL

Petitioner does not dispute that, in the plea agreement, he waived all challenges to his conviction or sentence, except those related to ineffective assistance of counsel.  While such waivers may be akin to contracts of adhesion, and may be unfairly one-sided, the waiver was part of this agreement, and is not challenged here.  Accordingly, the Petitioner raises his arguments by asserting Mr. White was constitutionally defective in his representation.  The Petitioner cannot receive relief asserting any other error.

A claim of ineffective assistance of counsel requires a petitioner to demonstrate: (1) that the defense attorney's representation fell below an objective standard of reasonableness and (2) that the attorney's deficient performance prejudiced the defendant such that there is a reasonable

probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Doe v. Woodford*, 508 F.3d 563, 568 (9th Cir. 2007); *Strickland v. Washington*, 466 U.S. 668, 694 (1984). The Court need only consider one of the *Strickland* prongs if it is dispositive. *Strickland,* at 87.

The test in *Strickland* "applies to challenges to guilty pleas based on ineffective assistance of counsel," like the claim asserted here. *Hill v. Lockhart*, 474 U.S. 52, 58 (1985). In such challenges, the second *Strickland* prong, the prejudice prong, "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." *Id.,* at 59. "[I]n order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id*. "A court considering a claim of ineffective assistance must apply a 'strong presumption' that counsel's representation was within the 'wide range' of reasonable professional assistance." *James v. Schriro*, 659 F.3d 855, 879-80 (9th Cir. 2011); *Strickland*, 466 U.S. at 689.

The Petitioner argues that Mr. White was deficient in that he: (1) failed to pursue certain strategies and failed to argue several Fourth Amendment violations in the motion to suppress, and (2) failed to communicate with the Petitioner with due diligence. Each will be considered.

1. <u>Strickland Prong 1: Objective Standard of Reasonableness</u>

In determining whether counsel's conduct was objectively reasonable, courts use "the rule of contemporary assessment," that is, evaluating the performance at the time, without the benefit of hindsight. *Maryland v. Kulbicki,* 136 S. Ct. 2, 4 (2015). "A lawyer's performance does not fall to the level of a Sixth Amendment violation under *Strickland* simply because the lawyer fails to pursue any and all non-frivolous strategies." *See Johnston v. Mitchell,* 871 F.3d

52, 63 (1st Cir. 2017). Generally, counsel's failure to file a motion to suppress is only constitutionally deficient under *Strickland* when "no competent attorney would think a motion to suppress would have failed." *Premo v. Moore,* 562 U.S. 115, 124 (2011).

The Petitioner has failed to show that Mr. White's strategic decisions in the case, or the arguments Mr. White decided to raise in the motion to suppress (including the myriad of Fourth Amendment violations the Petitioner advances here), or communication with the Petitioner were objectively unreasonable. The undersigned has considered each of the alleged deficient strategic decisions, Fourth Amendment violations that the Petitioner asserts should have been raised, and communication issues, either in the motion to suppress and associated hearing, in the motion to have Mr. White replaced by a different attorney and associated hearing, or in the motion to withdraw the plea and associated hearing. None rise to the level of being "objectively unreasonable." Particularly as to the strategic decisions that went into the motion to suppress, there is no evidence that "no competent attorney would think [the issues the Petitioner advances in] a motion to suppress would have failed." *Premo,* at 124. Further, the Petitioner fails to provide any facts or meaningful argument in support of his "failure to communicate" claim. The Court notes that the Petitioner's petition is handwritten and in English. He fails to identify any particular item that was not properly communicated. The Petitioner has failed to show that Mr. White's performance was "objectively unreasonable" under the first *Strickland* prong.

2. *Strickland Prong 2: Prejudice*

The Petitioner has not shown that he was "prejudiced," under the second *Strickland* prong, as a result of Mr. White's conduct. The Petitioner has not shown that Mr. White's strategic decisions or communication "affected the outcome of the plea process." *Hill,* at 59. Even though the Petitioner asserts that the motion to suppress would have been successful if Mr.

White had incorporated his arguments and he maintains that he would have insisted on going to trial if Mr. White had properly advised him to go to trial, he offers nothing in support of this assertion. "[I]n order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill,* at 9. Aside from his bare assertions, there is no evidence, certainly none that show there was a "reasonable probability" that but for Mr. White's alleged errors, the Petitioner would have insisted on going to trial. The Petitioner has not shown he was prejudiced by Mr. White's conduct.

### D. CERTIFICATE OF APPEALABILITY

Pursuant to Rule 9 of the Rules Governing Section 2255 Proceedings for the United States District Courts, the Court must determine whether to issue a Certificate of Appealability when the Court enters a final order adverse to a petitioner.

The district court should grant an application for a Certificate of Appealability only if the petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). To obtain a Certificate of Appealability under 28 U.S.C. § 2253(c), a habeas petitioner must make a showing that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court is dismissing this case on the merits. The Petitioner's claims are without merit. He has not made a substantial showing of the denial of a constitutional right. Reasonable jurists could not debate whether, or agree that, the petition should have been resolved in a different manner; the issues raised are not adequate to deserve encouragement to proceed further;

and jurists of reason would not find it debatable whether the court was correct in its rulings. A Certificate of Appealability should be denied.

### III. ORDER

It is **ORDERED** that:

- Petitioner's Motion under 28 U.S.C. §2255 to Vacate, Set Aside, or Correct Sentence (Dkt. 1, *Hernandez-Sanchez v. United States*, Western District of Washington case 19-5105 RJB; filed also at Dkt. 96 in *United States v. Hernandez-Sanchez,* Western District of Washington case 17-5384 RJB) **IS DENIED;** and

- A Certificate of Appealability **IS DENIED**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 5th day of April, 2019.

*Robert J. Bryan*

ROBERT J. BRYAN
United States District Judge

ORDER DENYING MOTION FOR RELIEF UNDER 28 U.S.C. § 2255 - 9